UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| CARROLLTON HOSPITALITY, LLC, et. al. | ) ) ) |
| Plaintiffs, | ) Civil No.: 13-21-GFVT ) ) |
| V. | ) **MEMORANDUM OPINION** ) **&** |
| KENTUCKY INSIGHT PARTNERS II, LP | ) **ORDER** ) |
| Defendant. | ) ) ) ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiffs' Motion to Remand. [R. 22.] Plaintiffs Carrollton Hospitality, LLC (Hospitality), Carrollton Host Enterprises, LLC (Host), Holiday Host, LLC (Holiday), and Lloyd Abdoo, assert that the amount in controversy is less than $75,000.00 and should be remanded for lack of diversity jurisdiction. [Id.]

**I**

Plaintiffs are limited liability companies, and the managing member of these companies, who own and operate hotels in Carrollton, Kentucky. Plaintiffs receive cable television services from Insight. Hospitality filed a complaint in Carroll County Circuit Court on October 12, 2012 requesting injunctive relief and damages for breach of contract. [R. 1-1.] Insight Kentucky was served on October 15. [R. 1-1.] On March 14, 2013, Hospitality filed an amended complaint in Carroll County Circuit Court which

added Host, Holiday and Lloyd D. Abdoo as Plaintiffs in this action. [R. 1-2.] The amended complaint also added claims for fraud and punitive damages.

Insight Kentucky's notice of removal was filed on April 18, 2013. [R. 1.] Insight served answers and amended answers to the Plaintiff's first amended complaint on May 4 and May 7. [R. 4, 5.] These answers included counterclaims against Hospitality, Host and Holiday [Id.] which were, in turn, answered by the parties on May 31. [R. 7, 8, 9.] On July 31 the Plaintiffs filed their Motion to Remand. [R. 22.]

## II

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446.  This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" parties who are "citizens of different states." *See* 28 U.S.C. § 1332(a)(1).

Because federal courts are courts of limited jurisdiction, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted). In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Further, the defendant bears the burden of showing that removal was proper. *Fenger v. Idexx Laboratories*, 194 F. Supp. 2d 601, 602 (E.D. Ky. 2002) (citations omitted). When a complaint fails to pray

for a particular amount of monetary relief, a defendant's burden is to show that the amount in controversy is met by a preponderance of the evidence; otherwise stated, it is more likely than not that more than $75,000 is at issue. *Rosenstein v. Lowe's Home Centers, Inc.*, 2007 WL 98595, at *1 (E.D. Ky. 2007) (citations omitted). Here, there is no dispute that the parties are diverse. [R. 22-1 at 2.] The contention between the parties is strictly over the amount in controversy.

As explained by Insight, Hospitality seeks a release from contract obligations, compensatory damages, punitive damages, and attorney's fees. [R. 23 at 4.] The March 10, 2011 contract obligated Hospitality to pay $742 a month and was terminated with 65 months remaining, resulting in a disputed $48,230 in contractual obligations. Hospitality seeks compensatory damages hailing from a $9,675.69 payment made to Insight in September 2012 and a one-time installation fee of $625.40. [R. 23 at 4; R. 18 at 2.] Further, Insight alleges Hospitality seeks to avoid $8,626 in a past balance owed. [R. 23 at 4.] Finally, Insight estimates Hospitality's punitive damages claim at $30,903.27 based on a statement made by Hospitality that punitive damages are three times compensatory damages. [Id; R. 18 at 2.] The total of all these claims, excluding attorney's fees is $98,060.36. Host has a contract with Insight that is valued at $905.24 per month. Host seeks to be released from these contractual obligations. [R. 23 at 4.] The contract had 59 months remaining at the time of removal. Insight estimates the value at $53,409.16 plus attorney's fees. [Id.] Holiday is in a very similar position to Host. Holiday, seeks relief from a contract valued at $927.50 per month that had 59 remaining months at the time of removal. [R. 23 at 5.] Insight estimates the value of this obligation at $54,722.50, exclusive of attorney's fees. [Id.] Mr. Abdoo seeks compensatory

3

damages for breach of contract, anticipatory breach of contract and fraud. Abdoo seeks repayment of $9,675.69[1] and $50,000 worth of punitive damages. [R. 23 at 5.] With regard to the valuing the contracts that Plaintiffs seek to rescind, Insight believes that "the contract's entire value, without offset, is the amount in controversy." *Rosen v. Chrysler Corp.*, 205 F. 3d 918, 921 (6th Cir. 2000).

Insight argues that punitive damages sought by Hospitality and Mr. Abdoo must be considered when calculating amount in controversy. [Id.] They argue that a provision in the cable contracts indicating that punitive damages are not recoverable has no impact on this calculation. They suggest that since punitive damages were demanded in the First Amended Complaint, they must be considered.[2] All parties except Mr. Abdoo seek attorney's fees. Insight argues these must also be considered in calculating the amount in controversy. [R. 23 at 9 (citing *Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 376 (6th Cir. 2007)).]

When all the aforementioned is considered, the "total amount in controversy, excluding attorney's fees, is $98,060.36 for Hospitality, $53,409.16 for Host, $54,722.50 for Holiday and $59,765.69 for Mr. Abdoo." [R. 23 at 9.] By this calculation, Hospitality's potential recovery easily surpasses the jurisdictional minimum. Insight argues that all parties potential recoveries will surpass the amount in controversy threshold when attorney's fees are also taken into consideration but argues, alternatively, that claims of Host, Holiday and Mr. Abdoo should be granted supplemental jurisdiction as they arise out of the same core facts. [Id.]

Plaintiffs assert that the amount in controversy is less than $75,000.00. [Id.]

---

[1] In Insight's Response, this $9,675.69 repayment request is credited to both Hospitality and Mr. Abdoo [R. 23.]. For purposes of determining jurisdiction, the Court will consider this attributable to Hospitality only.
[2] Hospitality demanded $30,903.27 and Mr. Abdoo demanded $50,000 in punitive damages. [R. 23 at 8.]

4

They dispute the applicability of *Rosen v. Chrysler Corp*., 205 F. 3d 918, 921 (6th Cir. 2000), the calculated damages attributable to Hospitality, the calculation of attorney's fees and the application of punitive damages.[3]

### A

In *Rosen v. Chrysler Corp.,* the Sixth Circuit held that "in cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy." *Rosen v. Chrysler Corp.,* 205 F.3d 918, 921 (6th Cir. 2000). Insight depends on this rule in valuing the equitable claims. Plaintiffs argue that *Rosen* is distinguishable on two grounds. First, the subject matter in *Rosen* was different as that case dealt with claims for recission of contracts for the purchase of vehicles. Plaintiffs argue that the services provided by Insight "are more akin to utilities which the Plaintiff will necessarily need to replace at potentially the same or greater expense." [R. 24 at 2.] To this end, plaintiffs state that the "financial effect would be nominal." [R. 22-1 at 5.] Second, in *Rosen* the recission was sought because of complaints regarding the quality of the vehicles. In this case, Plaintiffs seek recission "to avoid the coercive collection tactics" allegedly employed by Insight. [R. 24 at 2.] Plaintiffs argue that the "reliability of the provider or essential services to the hotel" is the key right they seek enforced and that this should be the basis for calculating the amount in controversy. [Id.] They suggest that the valuation method employed in *McIntire v. Ford Motor Co.*, is more relevant. *McIntire v. Ford Motor Co.,* 142 F. Supp. 2d 911, 921 (S.D. Ohio 2001). This case suggests that equitable claims should be valued "based on the legal rights the plaintiff seeks to protect…". *Id*.

---

[3] Preliminarily, Plaintiffs argue that Defendant's response was not timely filed. [R. 24.] The Court finds that the Response was timely and will consider it.

Hospitality characterizes their own claims as unique amongst the Plaintiffs in that it was "forced" to terminate its agreement with Insight. [R. 22-1 at 3.] Hospitality argues that its "request for equitable relief merely seeks validation of the action it has already taken in terminating its Standard Hotel Agreement." [*Id.*] They argue that only two possibilities exist, Hospitality was justified in terminating the agreement or Hospitality is in breach. [*Id.*] It is their suggestion that in either scenario, the "equitable relief" sought by Hospitality against Insight and Insight against Hospitality is not relevant and should be excluded for purposes of determining amount in controversy. [*Id.*] Insight opposes the view that this relief is "equitable" and depends upon the calculated values of those claims in reaching the amount in controversy. By contrast, Host and Holiday are currently operating under an active Standard Hotel Agreement with Insight. [R. 22-1 at 3.]

The Court agrees with Insight's valuation of Hospitality's claims. The Plaintiffs have not convincingly distinguished *Rosen*. First, Plaintiffs suggest their situation is more akin to a utility provider where they will "need to replace [services] at potentially the same or greater expense." [R. 24 at 2.] This seems to dovetail with Plaintiffs argument that the cost to Plaintiffs would be "nominal" in the event the Court grants relief as they would be under an obligation to find another cable carrier to provide services at a similar cost. [R. 22-1 at 2-3.] Even if this distinction were accepted, Plaintiffs fail to demonstrate how this difference impacts the case. Insight has shown that Hospitality will avoid $48,230 in contractual obligations if the Court holds for Hospitality. [R. 23 at 4.] Plaintiffs can argue that they only seek validation of the contract's termination but this validation has fundamental and measurable economic

6

impacts to the tune of $48,230. [R. 22-1 at 2-3.] Either Hospitality or Insight will suffer $48,230 in loss dependent upon who breached. The Plaintiff's second distinction is semantic. It could just as easily be said that plaintiff's recission is based on the quality or billing services at Insight. Plaintiffs would prefer apply the rule of *McIntire v. Ford Motor Co.* but that case is distinguishable. *McIntire v. Ford Motor Co.,* 142 F. Supp. 2d 911, 922 (S.D. Ohio 2001). In that case, the defendants did not attempt to "demonstrate how to value the requested injunction from the *Plaintiffs*' perspective." *Id*. As has been shown, Insight has placed very logical economic values on the Plaintiffs' sought relief.

**B**

Plaintiffs argue that it is inappropriate to consider punitive damages with regard to Hospitality and Mr. Abdoo as the Standard Hotel Agreement with Insight states "INSIGHT SHALL NOT BE LIABLE TO THE OWNER FOR SPECIAL, INCIDENTAL PUNITIVE, EXEMPLARY OR CONSEQUENTIAL DAMAGES." [R. 22-1 at 3.] This did not, however, stop Hospitality and Mr. Abdoo from seeking punitive damages in their amended complaint [R. 1-2 at 6.] "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered ... unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citing *Holley Equip. Corp. v. Credit Alliance Corp.,* 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted)). As stated by *Hayes*, punitive damages are correctly considered in calculating the amount in controversy unless "it is apparent to a legal certainty" they are not applicable. Plaintiffs must not have believed it was beyond a legal certainty that punitive damages could be

recovered because they requested punitive damages in their amended complaint. Punitive damages should be considered.

## C

Finally, the Plaintiffs do not object to the proposition that "attorney's fees are included in the determination of amount in controversy when the recovery of attorney's fees is included in a contract." [R. 23 (citing *Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 376 (6th Cir. 2007)).] Rather, Plaintiffs argues that Insight's $80,000 estimation is unreasonable and cannot serve as a basis for satisfying the amount in controversy requirement. [R. 23 at 9.] Although, no firm equation exists as to calculate what constitutes reasonable attorney fees for purposes of determining amount in controversy, Sixth Circuit precedent provides guidance. In *Public Funding Corp. v. Lawrence Cnty Fiscal Court*, the District Court concluded that jurisdiction did not exist as the parties had failed to meet the statutory minimum of $10,000. No. 89-5486, 1989 WL 153970 (6th Cir. 1989). In that case, $6,325.19 was shown as the disputed lease balance, leaving the parties $3,675 shy of the amount in controversy requirement. [Id.] The District Court held that attorney's fees of $3,675 were *per se* unreasonable on the basis that the estimated fees would be over 50 percent of the total recovery and denied jurisdiction. [Id.] The Sixth Circuit reversed, applying the test of *St. Paul Indemnity Co. v. Red Cab Co.,* 303 U.S. 283 (1938) which established that the sum claimed by the plaintiff controls if made in good faith and that, to dismiss "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Pub. Funding Corp. v. Lawrence Cnty. Fiscal Court*, 892 F.2d 80 (6th Cir. 1989) (citing *St. Paul Indemnity Co. v. Red Cab Co.,* 303 U.S. 283 (1938)). The Court discussed the unreasonableness of stating, from a

pre-trial posture, that attorney's fee valued at half the damages and made in good faith, was *per se* unreasonable to a "legal certainty." *Pub. Funding Corp. v. Lawrence Cnty. Fiscal Court*, 892 F.2d 80 (6th Cir. 1989). Some speculation is necessary when estimating legal fees. Insight has estimated $80,000 in attorney's fees to be divided between four parties. Total alleged damages are in excess of $256,192.02, not including attorney's fees. This is less than the 50 percent estimate approved by the Sixth Circuit in *Pub. Funding Corp. v. Lawrence Cnty. Fiscal Court*, and is not an unreasonable estimate in the context of this case.

The estimated value of attorney's fees is ultimately not significant as Hospitality could still reach the jurisdictional amount barring their consideration.

### III

The Court is guided by the axiom that statutes conferring removal jurisdiction are to be construed strictly. *Shamrock Gas & Oil Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). A narrow construction is required because the removal jurisdiction of the federal courts encroaches on the jurisdiction of state courts. *See id.* Therefore, "the interests of comity and federalism require that federal jurisdiction be exercised only where it is clearly established." *Bragg v. Kentucky RSA # 9-10, Inc.*, 126 F. Supp.2d 448, 450 (E.D. Ky. 2001). Nevertheless, Insight has met its burden by showing that the amount in controversy regarding plaintiff Hospitality and Mr. Abdoo more likely than not exceeds the requisite $75,000. *Rosenstein v. Lowe's Home Centers, Inc.*, 2007 WL 98595, at *1 (E.D. Ky. 2007) (citations omitted). The remaining plaintiffs, Host and Holiday, also likely meet that burden but further investigation is unnecessary as the Court has and will

exercise supplemental jurisdiction consistent with 28 U.S.C. § 1367 over the remaining claims.

## IV

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion to Remand [R. 22] is **DENIED**, and;

2. Defendant's Motion for Leave to File a sur response [R. 25] in opposition to Plaintiffs' motion to remand is **GRANTED**;

This the 31st day of October, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge