| | |
|---|---|
| CARROLLTON HOSPITALITY, LLC, et. al. ) ) ) ) Plaintiffs, ) ) V. ) ) INSIGHT KENTUCKY PARTNERS II, L.P., ) ) Defendant. ) ) ) | Civil No.: 13-21-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiffs' Motion for a Jury Trial. [R. 20.] Plaintiffs Carrollton Hospitality, LLC (Hospitality), Carrollton Host Enterprises, LLC (Host), Holiday Host, LLC (Holiday), and Lloyd Abdoo move for a trial by jury, pursuant to Fed. R. Civ. P. 39(b) on all issues so triable.

**I**

Plaintiffs are limited liability companies, and the managing member of these companies, who own and operate hotels in Carrollton, Kentucky. Plaintiffs receive cable television services from Insight. Hospitality filed a complaint in Carroll County Circuit Court on October 12, 2012 requesting injunctive relief and damages for breach of contract. [R. 1-1.] Insight Kentucky was served on October 15. [R. 1-1.] On March 14, 2013, Hospitality filed an amended complaint in Carroll County Circuit Court which added Host, Holiday and Lloyd D. Abdoo as Plaintiffs in this action. [R. 1-2.] The amended complaint also added claims for fraud and punitive damages. Insight's notice of removal was filed on April 18, 2013. [R. 1.]

Insight served answers and amended answers to the Plaintiff's first amended complaint on May 4 and May 7. [R. 4, 5.] These answers included counterclaims against Hospitality, Host and Holiday [Id.] which were, in turn, answered on May 31. [R. 7, 8, 9.] On July 31 the Plaintiffs filed their Motion to Remand [R. 22.] which was denied by this Court on October 31. [R. 26.]

Up until July 9, 2013, the Plaintiffs had neglected to demand a jury trial. The present motion is before the Court due to this oversight by Plaintiffs' Counsel who represents that he mistakenly believed a jury trial had been demanded. [R. 20-1 at 1.]

Insight opposes Plaintiffs' motion for a jury trial on three grounds. [R. 21.] Insight asks the Court to deny Plaintiffs' request because it is tardy, many of the issues in this case are more conducive to a bench trial and, finally, because the case involves both equitable and legal issues, Insight argues it would be burdensome to parse out which issues are appropriate for a jury. [Id. at 4-5.]

## II

### A

Federal Rule of Civil Procedure 38(b) states that a party may demand a jury trial by "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." Fed.R.Civ.P. 38(b). If not properly served or filed then the jury trial is waived. Fed.R.Civ.P. 38(d). Rule 39(b) provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed.R.Civ.P. 39(b). The Sixth Circuit has recognized that "[a] district court has broad discretion in deciding whether to grant a Rule 39(b) motion." *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 632 (6th Cir. 2008); *Moody v. Pepsi–Cola*

*Metro. Bottling Co., Inc.,* 915 F.2d 201, 207 (6th Cir. 1990); *Misco, Inc. v. U.S. Steel Corp.,* 784 F.2d 198, 205 (6th Cir. 1986). "The court's discretion should be exercised in favor of granting a jury trial 'in the absence of strong and compelling reasons to the contrary.' " *Ruth Kitchen v. Chippewa Valley Schools*, 825 F.2d 1004, 1013 (6th Cir. 1987); *Local 783 v. General Elec. Co.,* 471 F.2d 751, 755 (6th Cir. 1973) (quoting *Swofford v. B & W, Inc.,* 336 F.2d 406, 409 (5th Cir. 1964), *cert. denied,* 379 U.S. 962 (1965)), *cert. denied,* 414 U.S. 822 (1973); *see also Moody,* 915 F.2d at 207. "Generally, a district court does not abuse its discretion by denying a 39(b) motion if the only justification for delay is 'mere inadvertence.' " *Chippewa Valley Schools*, 825 F.2d at 1013 (citing *Misco, Inc.,* 784 F.2d at 205); *see also Andrews,* 544 F.3d at 632. However, "different policy considerations may be applicable if the party who failed to file a timely jury demand has been hailed into federal court against his will." *Misco, Inc.*, 784 F.2d at FN8 (citing *Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389 (2d Cir. 1983)).

**B**

Both parties acknowledge that broad discretion is granted to the Court in determining whether to grant a late request for a jury trial. While the Court acknowledges that it has the power to deny this request, the Court finds it unfair and unnecessary to punish the Plaintiff for an oversight of Counsel. According to Mr. Holland, he had been asked earlier by Mr. Abdoo about whether a jury trial had been demanded and Mr. Holland mistakenly advised him that it had. [R. 20-1.]

In *Chippewa Valley* Schools, the Sixth Circuit considered whether the late grant of a jury trial was error. 825 F.2d at 1013. In that case, the appellants objected to the District Court's late invitation, and subsequent granting, of a motion for a jury trial. Appellants

argued they were prejudiced on the grounds that they had prepared a select claim for a bench trial and "would have prepared it differently…had they known that the claim would be presented to the jury." *Id*. The Sixth Circuit expressed reluctance in reversing the district court, "given the lack of precedent for reversing the grant of a jury trial, and the Seventh Amendment right to a jury trial." *Id*. The Court expressed skepticism about whether the appellants were actually prejudiced by the jury trial and denied the request to reverse the district court. *Id*. In the case at hand, Insight offers no compelling reason why granting a jury trial would prejudice them. Since the Court has not yet entered a scheduling order in this case, no trial date has been set. The Plaintiffs have sought to remedy the error early enough in the proceedings where Insight will not be prejudiced by this decision.

The Court finds Insight's argument that the issues are overly complex for a jury unpersuasive. Similarly, Insights' concern about the mix of legal and equitable claims is unpersuasive. The Court can determine which issues are appropriate for the jury when the time comes.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiffs' Motion for a Jury Trial [R. 20] is **GRANTED**.

This the 19th day of November, 2013.

